```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
IN RE SYNERGY PHARMACEUTICALS INC.                               :
SECURITIES LITIGATION,                                           :    MEMORANDUM DECISION &
                                                                 :    ORDER
                                                                 :
                                                                 :    18-CV-873 (AMD) (VMS)
                                                                 :
                                                                 :    19-CV-825 (AMD) (VMS)
                                                                 :
                                                                 :
---------------------------------------------------------------- X
                                                                 :
GARY MCMULLEN, Individually and on Behalf                        :
of All Others Similarly Situated,                                :
                                                                 :
                         Plaintiff,                              :
                                                                 :
              - against -                                        :
                                                                 :
TROY HAMILTON, GARY S. JACOB, and                                :
GARY G. GEMIGNANI,                                               :
                                                                 :
                         Defendants.                             :
                                                                 :
---------------------------------------------------------------- X
```

**ANN M. DONNELLY,** United States District Judge:

On November 20, 2019, Magistrate Judge Vera M. Scanlon consolidated the *McMullen* and *Weber* actions into *In re Synergy Pharmaceuticals Inc. Securities Litigation,* No. 1:18-CV-00873-AMD-VMS *("In re Synergy")*. (*See* S-ECF No. 90.)[1] Before the Court is McMullen's motion to set aside or modify Judge Scanlon's order. (S-ECF No. 94.) The lead plaintiffs and the defendants oppose. For the reasons that follow, McMullen's request is denied.

---

[1] For ease of reference, this decision adopts the citations and abbreviations used in Judge Scanlon's November 20, 2019 order, including: (1) ECF documents filed in the *McMullen* case: "M-ECF"; (2) documents filed in the *Weber* case: "W-ECF"; and (iii) documents filed in *In re Synergy*: "S-ECF."

**DISCUSSION**

The background of this litigation is detailed in Judge Scanlon's comprehensive order, and will not be repeated here.  On November 20, 2019, after extensive briefing from all parties, and in a thorough and well-reasoned decision, Judge Scanlon consolidated the *McMullen* and *Weber* actions with *In re Synergy*, finding that "the facts and allegations asserted in the *McMullen* and *Weber* actions clearly arise 'out of the subject matter of the Consolidated Action,' . . . and involve common questions of law and fact[.]"  (S-ECF No. 90 at 7 (quoting S-ECF No. 51 at 4).)

McMullen challenges the decision to consolidate *McMullen* and *Synergy*, arguing—as he did before Judge Scanlon—that the two actions do not share common questions of fact and do not involve the same class period.  McMullen also claims that Judge Scanlon violated the PSLRA by limiting McMullen's ability to pursue class claims if the lead plaintiffs do not pursue those claims in their second amended complaint.  Finally, McMullen argues that the lead plaintiffs are conflicted and will not adequately pursue McMullen's claims.[2]

**I.   Legal Standard**

Rule 72(a) of the Federal Rules of Civil Procedure, which governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings, provides that "[t]he district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-CV-0811, 2014

---

[2] Weber did not oppose or otherwise object to Judge Scanlon's decision.

2

WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11-CV-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation and quotation omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotations and citations omitted).

McMullen argues that Judge Scanlon's order is subject to *de novo* review, rather than a review for clear error. Since Judge Scanlon's decision was obviously correct under either standard, the difference is largely academic, but the correct standard of review is for clear error. Under Rule 72(a), an order granting a motion to consolidate is a nondispositive order, and is not subject to *de novo* review. *See, e.g., Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp.*, No. 09-CV-3007, 2010 WL 3909331, at *1-2 (E.D.N.Y. Sept. 29, 2010) (applying clearly erroneous standard of review in considering magistrate judge's order on motion to consolidate); *Wilson v. Gen. Mills, Inc.*, No. 08-CV-00597(S)(M), 2009 WL 10681447, at *1 n.3 (W.D.N.Y. July 6, 2009) ("A motion to consolidate implicates nondispositive relief.") (quotation omitted); *Algonquin Power Corp. v. Trafalgar Power Inc.,* No. 00-CV-1246, 2000 WL 33963085, at *5 (N.D.N.Y. Nov. 8, 2000) (consolidation order pursuant to Rule 42(a) "implicates nondispositive relief").

## II.     McMullen's First Objection

Rule 42(a) permits consolidation of actions that involve "a common question of law or fact." Fed. R. Civ. P. 42(a). As Judge Scanlon observed, Rule 42(a) grants the Court "'broad discretion to determine whether to consolidate actions,'" and to consider "whether judicial

3

economy favors consolidation." (S-ECF No. 90 at 6 (quoting *Kaplan v. Gelfond,* 240 F.R.D. 88, 91 (S.D.N.Y. 2007)). The Court's standing consolidation order also requires "[e]ach new case that arises out of the subject matter of the Consolidated Action . . . shall, upon the Court's approval, be consolidated into the Consolidated Action." (S-ECF No. 51 ¶¶ 1, 4, 7-9.)

McMullen argues that I should set aside Judge Scanlon's order consolidating *McMullen* and *In re Synergy* because the actions "do not involve any common questions of fact" and allege different class periods. (S-ECF No. 94 at 4) (alteration omitted). Consolidation of separate securities class actions is appropriate where there are "[d]ifferences in causes of action, defendants, or the class period" as long as "the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan,* 240 F.R.D. at 91 (citation omitted). All three actions allege violations of the same laws, focus on the same or similar misstatements or omissions, and propose overlapping class periods. *McMullen* and *Synergy* are driven by a shared set of common questions of law and fact: what the defendants knew about the company's performance, Synergy's ability to meet the conditions of the loan it secured, and the degree to which the defendants knew any adverse information that, if disclosed, might have affected the stock price. (*See, e.g.*, McMullen Compl. ¶¶ 19-21, 31, CAC ¶¶ 77-78, 83, 89, 94 (relying on the same loan announcement and statements made by the defendants); McMullen Compl. ¶¶ 66-71; CAC ¶¶ 170-186 (asserting the same causes of action); McMullen Compl. ¶ 64; CAC ¶ 158 (asserting overlapping "common questions of law and fact" regarding each action's respective putative class members); McMullen Compl. ¶¶ 3, 22-23; CAC ¶¶ 6, 89 (relying on same statements about Trulance's side-effects and its superiority as a drug).) Given that consolidation is appropriate

4

when cases share even a single common question of law or fact, I agree with Judge Scanlon that consolidation is appropriate here.[3]

The fact that the actions do not contain identical allegations or assert the same class period is not an obstacle to consolidation. As Judge Scanlon pointed out, "'[n]either Rule 42 nor the PSLRA demands that actions be identical before they may be consolidated.'" (S-ECF No. 90 at 12) (quoting *Pinkowitz v. Elan Corp.*, No. 02-CV-865, 2002 WL 1822118, at *3 (S.D.N.Y. July 29, 2002)). Courts have consolidated cases where there is no overlap in the class period, *see In re Cendant Corp. Lit.,* 182 F.R.D. 476, 478 (D.N.J. 1998), or where the actions share only a single common question of fact. The distinctions that McMullen identifies are, as Judge Scanlon found, "a product of the framing of the allegations rather than true differences in the underlying subject matter." (S-ECF No. 90 at 8.)[4] None of the arguments McMullen raises—which Judge Scanlon carefully considered and rejected—change this result.[5]

## III. McMullen's Second Objection

McMullen argues that Judge Scanlon should not have limited him to bringing individual claims if the lead plaintiffs do not pursue his claims in their forthcoming amended complaint.

---

[3] McMullen relies heavily on *In re Central European Distribution Corp. Sec. Litig.*, No. 11-CV-6247, 2012 WL 5465799 (D.N.J. Nov. 8, 2012), a decision that Judge Scanlon distinguished in her decision. As Judge Scanlon observed, the district court in *In re Central* decided to de-consolidate the two class actions because the allegations "did not share factual overlap other than common defendants." (S-ECF No. 90 at 8 n.6.)

[4] McMullen conceded as much at oral argument before Judge Scanlon, agreeing that both actions involve the same parties, the same company, and the same product, and that "if it were at the same time period . . . we would have a loser here." (S-ECF No. 90 at 8.)

[5] McMullen does not address another hurdle to his request to de-consolidate the actions—the successful consolidation of *Weber* and *In Re Synergy*. McMullen concedes that the *McMullen* and *Weber* actions "allege identical facts and causes of action against the same Defendants with virtually identical class periods." (M-ECF 43 at 3.) Since *Weber* is now consolidated with *In re Synergy*, it is not clear how McMullen could certify a class, let alone reasonably claim that his action should be carved out of the new consolidated action that now includes the "identical facts and causes of action" drawn from *Weber*.

Congress enacted the PSLRA in 1995 to "reduce abusive and meritless suits by imposing unique requirements and limitations on private class actions alleging securities fraud." Wright & Miller, Securities Class Actions—Special Requirements, 7B Fed. Prac. & Proc. Civ. § 1806 (3d ed.). In order to ensure uniformity and judicial efficiency, the PSLRA vests lead plaintiffs with the authority "to exercise control over the litigation as a whole," *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 83 n.13 (2d Cir. 2004), including the right to select the claims, the class period, and the theory of the case. *See In re BankAmerica Corp. Sec. Litig.*, 263 F.3d at 801. Once the lead plaintiff is appointed, the lead plaintiff has the authority to direct the course and strategy of the litigation. *See In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, No. 12-MDL-2389, 2013 WL 4399215, at *2 (S.D.N.Y. Aug. 13, 2013).

Noting that her order "does not disturb the appointments directed by the Consolidation Order" (S-ECF No. 90 at 9), Judge Scanlon made three points about McMullen's concerns that the lead plaintiffs would "not assert the claims set forth in the *McMullen* and *Weber* actions, or protect the interests of those putative class members[:]" first, that she followed the rigorous procedure set forth by the PSLRA to appoint a lead plaintiff and counsel to direct and control the litigation; second, that Congress vested the lead plaintiff with the "authority to decide what claims to assert on behalf of the class," including the authority to make decisions to limit a shareholder class or class period, and; finally, that if the lead plaintiffs in *Synergy* exercise this authority, evaluate McMullen's claims and ultimately decide not to pursue them, McMullen can still pursue his claims individually. (S-ECF No. 90 at 5, 9, 11) (quotations and citations omitted).

In short, Judge Scanlon's analysis was spot on; she analyzed the PSLRA and its requirements, the authority Congress has given lead plaintiffs, and the body of case law

6

interpreting this mandate. *See Hevesi v. Citigroup Inc.,* 366 F.3d 70, 82 n.13 (2d Cir. 2004) ("[A]ny requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff—namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole.").

**IV.   McMullen's Third Objection**

Finally, McMullen takes issue with Judge Scanlon's conclusion that "[n]othing in the record suggests that Lead Plaintiffs or Lead Counsel are conflicted with any of [McMullen's] interests [. . .] or that they have any reason not to pursue the most fulsome, meritorious claims and recovery—including for losses they incurred extending beyond the current *Synergy* class period if appropriate." (S-ECF No. 90 at 12.) McMullen asserts that the lead plaintiffs have "no interest" in pursuing his claims, and argues for the first time that a supposed "insurance coverage conflict" gives the lead plaintiffs an incentive to neglect his claims. (S-ECF No. 94 at 17-20.) McMullen also argues that the lead plaintiffs will not assert claims stemming from the "later class period" because they would have to re-open the lead plaintiff order and republish notice, jeopardizing their control over the litigation. (*Id.*)

"Courts generally do not entertain new legal arguments not presented to the magistrate judge." *See Anderson*, 2015 WL 737102, at *3. McMullen did not raise his conflict claim when he opposed the motion for consolidation, or at the October 22, 2019 hearing. (*See* S-ECF No. 90 at 9 n.7 ("There has been no suggestion that Lead Plaintiffs here are not adequately protecting the rights of the class as alleged in the CAC, or that they have any reason not to pursue the most fulsome class period and recovery. . . . McMullen's counsel acknowledges that they have 'no

7

problem' with the way Lead Plaintiffs and Lead Counsel have litigated the *Synergy* action.").) Therefore, these arguments are not appropriately raised at this time.

In any event, McMullen's arguments are purely speculative. A conflict "must be shown, not merely speculated." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 133 (S.D.N.Y. 2011); *In re Bank of America Corp. Sec. Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009) (rejecting argument that lead plaintiff would prioritize Section 10(b) claims over Section 14(a) claims, as "no actual conflict of interest has been shown"); *Labul v. XPO Logistics, Inc.*, No. 3:18-CV-2062, 2019 WL 1450271, at *9 (D. Conn. Apr. 2, 2019) ("Such conclusory assertions of inadequacy, without specific evidentiary support for the existence of an actual or potential conflict of interest or a unique defense to which the lead plaintiff would be subject, are insufficient."); *Strougo v. Brantley Cap. Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) ("Speculation and conjecture from one interested party is not enough to prove a nefarious collaboration."). McMullen's assumptions about decisions the lead plaintiffs may or may not make at some future date, and whether those decisions in turn might be a basis for reopening the lead plaintiff order or otherwise demonstrate that the lead plaintiffs are conflicted, provide no reason to set aside or modify the consolidation order.[6] Moreover, as Judge Scanlon observed, the court has "a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of class members . . . which could at times be in tension with the lead plaintiffs' authority to make strategic decisions that limit the class." (S-ECF No. 90 at 9 n.7 (citation omitted).) Judge Scanlon questioned the lead plaintiffs at length during the October 20, 2019 hearing, and "strongly encourage[d] Lead Plaintiffs and Lead Counsel to carefully investigate

---

[6] Because these "conflicts" are purely hypothetical, I do not address the merits of any of them.


and evaluate the claims and significant losses asserted in the *McMullen* and *Weber* complaints and, in compliance with counsels' obligations under Federal Rules of Civil Procedure 11 and 23, pursue claims as appropriate." (S-ECF No. 90 at 11-12.)

## CONCLUSION

For the reasons discussed above, McMullen's request that the Court modify or vacate Judge Scanlon's order is denied.

**SO ORDERED.**

       _s/Ann M. Donnelly_____
       Ann M. Donnelly
       United States District Judge

Dated: Brooklyn, New York
       September 28, 2020